HENRY SCHACHT, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

50 N. W. 2d 78

Filed November 23, 1951. No. 33009.

*Bernard A. Ptak,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The defendant was convicted in the district court for Pierce County for driving an automobile while under the influence of alcoholic liquor. The trial court sentenced the defendant to serve four days in the county jail, pay a fine of $40 and costs, and revoked the driver's license of defendant for a period of six months from the date of his discharge from the county jail. The defendant instituted error proceedings in this court, seeking a reversal of the judgment of the district court.

The evidence shows that defendant was driving his automobile on U. S. Highway No. 20 in Pierce County, Nebraska, on June 18, 1950, about 6:00 p. m., at which time he was arrested by officer Otis J. Knotwell of the Nebraska State Safety Patrol for driving while in an intoxicated condition. Officer Knotwell testified that defendant was driving his car from one side of the highway to the other, that there was a strong odor of intoxicating liquor on his breath, that his eyes were bloodshot, that he was unsteady on his feet, and that in his opinion he was intoxicated. He testified also to finding a pint of intoxicating liquor in the glove compartment of defendant's car. Defendant was delivered into the custody of officer Willard Clark, who transported him to the county jail at Pierce. Officer Clark corroborates the evidence of officer Knotwell as to the intoxicated condition of the defendant. Dr. John H. Calvert saw defendant at the county jail shortly after his arrival there and testified to facts tending to sustain the charge. The evidence of sheriff Elmer Kuhl of Pierce County also tends to sustain the charge that defendant was intoxicated.

The defendant attempted to excuse his bad driving by his testimony that he suffered a coughing and sneezing attack which caused him to expel his false teeth, and that any deficiency in his driving was due to his efforts to retrieve them. This raised an issue which the jury considered and determined. The evidence was ample to sustain the verdict of the jury.

The questions here raised go to the correctness of the court's rulings on the admission of certain exhibits, the admission of certain evidence over objection, and the alleged excessiveness of the sentence.

The record shows that Dr. Calvert, with the consent of the defendant, took samples of the defendant's blood for the purpose of having a chemical analysis made to determine if defendant was under the influence of intoxicating liquor, as provided by sections 39-727, 39-727.01, and 39-727.02, R. S. Supp., 1949. The evidence shows that Dr. Calvert came to the jail and took the blood samples. He took the samples home with him and, it being Sunday, he placed them in a refrigerator until the next morning when he mailed them to the laboratory of the state Department of Health at Lincoln. They were received at the laboratory in due course of mail by A. E. Johnson, whose duty it was to open such packages and deliver them to the proper persons in the department. Defendant asserts that, as there is no evidence by the person who obtained the package at the post office and delivered it to Johnson, the foundation is insufficient to admit the result of the test into evidence. The evidence shows that Dr. Calvert placed the samples of blood in two vials and marked them with defendant's name and the time of taking. He wrapped them in an invoice requesting a blood examination and mailed them as heretofore stated. The blood specimens when received were clotted, and the tests were made on the blood serum. Dr. Calvert testified that he placed potassium oxalate in one of the vials to prevent coagulation of the blood. It is the contention of de-

fendant that this indicates that the blood in one of the vials could have been that of some other person. The vials were marked and wrapped as described by Dr. Calvert when received at the laboratory. The foundation was sufficient. We think there is a presumption that articles transported by regular United States mail and delivered in the ordinary course of the mails are delivered in substantially the same condition in which they are sent. This presumption is a rebuttable one, but where there is no evidence tending to overcome the presumption it is sufficient to establish the identity of the article mailed and that it is in substantially the same condition as at the time of mailing. The rule for which the defendant contends would place a great burden upon addressee, such as the one here involved, to keep meticulous records of mail deliveries to protect against the mere possibility that articles so delivered might possibly become pertinent in a court proceeding. We think the objection as to foundation on this ground was properly overruled.

The defendant assigns as error the admission of the pint bottle found in the glove compartment of defendant's car. The bottle was identified by officer Knotwell and sheriff Kuhl as the one taken from the defendant's automobile. It was shown by the evidence to contain intoxicating liquor, although ingredients had been added which made it difficult to describe by name. The evidence was ample to sustain its admissibility as evidence pointing to the guilt of the defendant.

The defendant assigns as error the evidence of the chemist in the laboratory of the state Department of Health who tested the blood samples taken from the defendant, and the result which showed an alcoholic content in the blood sufficient to produce intoxication. Objection is also made to instruction No. 6 which informed the jury of the effect of sections 39-727, 39-727.01, and 39-727.02, R. S. Supp., 1949. The chemist described in detail the method employed, as well as her qualifica-

tions for doing this work. Ample foundation was laid for the admission of her findings as to the alcoholic content of the blood specimens. Instruction No. 6 correctly informs the jury as to the evidence required on the part of the State by the sections of the statute hereinbefore cited. No error in the admission of the result of the test or in the giving of the instruction in connection therewith is shown.

The defendant urges that the sentence was excessive. In this respect the evidence definitely establishes that defendant was driving his automobile on a public highway in an intoxicated condition. The handling of his automobile was so dangerous immediately prior to his arrest that other persons using the highway pointed it out to the patrolman. The defendant's condition, voluntarily brought upon himself, was such that in operating his automobile he was a menace to the safety of all others using the highway in the vicinity of his car. Under such circumstances we cannot say that a sentence of four days in jail, a fine of $40 and costs, and a six months' suspension of his driver's license bears any resemblance to excess punishment.

AFFIRMED.